UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXY INC., MEMPHIS SHIPPING PTE LTD., DYNASTIC MARITIME INC. and SAMANTHA SHIPMANGEMENT GROUP,

                Petitioners,

- against -

INTERNATIONAL OIL OVERSEAS, INC., MARINA WORLD SHIPPING CORP., GRESHAM WORLD SHIPPING CORP., TARAZONA SHIPPING CO., S.A., QUOIN ISLAND MARINE WL, BAKRI TRADING COMPANY INC., SCHIFF HOLDING CO. S.A., and TRANS MEDITERRANEAN SHIPPING INC.,

                Respondents.

12 Civ. 3625 (LAK)

**DECLARATION OF FAHID GHALIB**

I, Fahid Ghalib, declare under penalty of perjury of the laws of the United States, as follows:

    1.    I am the Director/Secretary of Respondent International Oil Overseas, Inc. (hereinafter "IOOI") and have held this position since May 21, 2001. I am an individual of majority age, and I speak and read the English language.

    2.    I submit this Declaration in opposition to the Verified Petition and Motion for Relief brought by Petitioners against IOOI and in support of the Cross-Motion of IOOI to Dismiss the Verified Petition. In particular, I will address certain allegations made by Petitioners regarding personal jurisdiction, venue and their claim that IOOI has a so-called "alter ego" relationship with Respondents Marina World Shipping Corp. (hereinafter "Marina World"), Gresham World Shipping Corp. (hereinafter "Gresham"), Tarazona Shipping Co., S.A. (hereinafter "Tarazona"), Quoin Island Marine WL (hereinafter "Quoin"), Bakri Trading Company Inc. (hereinafter "Bakri"), Schiff Holding

386352.2

Co. S.A. (hereinafter "Schiff") and Trans Mediterranean Shipping Inc (hereinafter "Trans Mediterranean") (collectively hereafter the "alleged alter ego Respondents").

3. Insofar as the contents of this Declaration are within my own knowledge, they are true. Insofar as the contents of this Declaration are not within my own direct knowledge, they are true to the best of my information and belief.

4. IOOI is a Panamanian corporation duly organized and registered under the laws of the Republic of Panama. IOOI was incorporated on 30 July 1990 upon the filing of its Articles of Incorporation, Public Deed Number 8247, in the City of Panama. IOOI has its registered office in Panama c/o local agents, its principal office in the United Arab Emirates (UAE) and a business presence in Saudi Arabia.

5. IOOI is a wholly owned subsidiary of Saad Free Zone Est FZE of Dubai, UAE.

6. It is a corporate affiliate of other subsidiaries of its parent, Saad Free Zone Est FZE, including Schiff. Except for common ownership of Saad Free Zone Est FZE and one common director/officer, IOOI and Schiff, at all times relevant to this matter, did not have common directors or officers nor did they own shares in any common companies.

7. IOOI, at all times relevant to this matter, had no corporate affiliation to any of the other alleged alter ego respondents. These entities did not have any common shareholders, directors or officers nor did they own shares in any common companies.

386352.2

8. IOOI transacts its business in its own name and is independently managed and operated for its own profit and corporate purposes, including the underlying charter party transactions that it entered into with Petitioners.

9. IOOI maintains corporate formalities in accordance with the laws of Panama, including compliance with annual tax requirements and payment of fees of local agents.

10. IOOI maintains a bank account in its own name and is capitalized in accordance with the laws of Panama. For the 2011 fiscal year, IOOI had USD 830,311 in assets, USD 53,480,281 in revenues and a USD (90,853) net loss.

11. IOOI does not participate in any joint ventures with any of the alleged alter ego respondents but has done business with each of them in the past pursuant to arm's length transactions. IOOI does not use any of the alleged alter ego respondents as a so-called "paying agent", and vice versa.

12. The alleged alter ego respondents were not signatories to the underlying charter parties or London arbitration agreements entered into between IOOI and Petitioners. Nor was any alleged *alter ego* respondent a party, participant or witness in the London arbitration proceeding between IOOI and Petitioners.

13. IOOI currently has three employees, all of whom work in the UAE and elsewhere, but do not work or reside in the United States.

14. All commercial and corporate records of IOOI are maintained by the company in the UAE.

15. With respect to New York, IOOI does not maintain an office, employees, agents or bank accounts within the State.

16. IOOI does not conduct any of its business in New York or elsewhere in the United States and is not otherwise authorized to do business with the New York Secretary of State.

17. IOOI does not have any investment in fixed assets or securities within the United States and does not export or import anything to or from the United States.

18. In the Verified Petition, Petitioners allege that "Respondents are subject to personal jurisdiction in this District by virtue of funds and other property that they have deposited with the Clerk of this Court...."

19. IOOI did not deposit any of these funds with the Clerk of this Court, and IOOI has no present, future or contingent ownership or beneficial interest in any of the said funds.

20. The said funds were deposited jointly and severally by other respondents improperly named as purported *alter egos* of IOOI in an action captioned *Andros Maritime Co. Ltd. v. International Oil Overseas, Inc.*, No. 11 Civ. 1657 (WHP), pending the outcome of their motion to vacate a default judgment improperly entered against them in that case.

21. In *Andros Maritime*, Andros and IOOI ultimately reached a settlement resolving the principal claim asserted against IOOI based on payment made direct to Andros by IOOI. Before that was accomplished and the action was dismissed, the attorneys who were representing Andros in that case applied for and obtained an *ex parte* Rule B attachment on behalf of other parties against IOOI and each of the alleged alter ego respondents in a new matter captioned *Springsea Maritime Corp. v. International Oil Overseas Inc.*, No. 11 Civ. 7821 (JGK), re-attaching the same funds that were only

here in New York to provide security in favor of the alleged alter ego respondents pending the outcome of their application to vacate the wrongful default entered against them in that case.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on 18 June, 2012

Jeddah, K.S.A

_____
Fahid Ghalib

386352.2