924-08/MEU
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Respondents*
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger
Lawrence J. Kahn
Susan Lee

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ROXY INC., MEMPHIS SHIPPING PTE LTD.,
DYNASTIC MARITIME INC. and
SAMANTHA SHIPMANGEMENT GROUP,

        Petitioners,

        -against-

INTERNATIONAL OIL OVERSEAS INC.,
MARINA WORLD SHIPPING CORP.,
GRESHAM WORLD SHIPPING CORP.,
TARAZONA SHIPPING CO., S.A., QUOIN
ISLAND MARINE WL, BAKRI TRADING
CO. INC., SCHIFF HOLDING CO. S.A., and
TRANS MEDITERRANEAN SHIPPING INC.,

        Respondents.
---------------------------------------------------------x

12 Civ. 3625 (LAK)

DECLARATION OF
LUIS G. RAVEN

LUIS G. RAVEN, pursuant to 28 U.S.C. §1746 declares and says the following under penalty of perjury:

1.  I am an associate with the Panama law firm of Morgan & Morgan and am qualified to practice law in Panama and in New York. I obtained my B.S. degree from the United States Merchant Marine Academy at Kings Point, New York and my J.D. degree from Tulane Law School in New Orleans with a certificate of specialization in admiralty and maritime

386462.1

1

law. I am qualified to provide opinions on Panama law to foreigners and have done so on numerous occasions.

2.  In connection with this matter, I have been retained by Respondents to provide an opinion on Panama law as it concerns piercing the corporate veil of one Panama company so as to reach the assets of other Panama companies. Although I was given a brief thumbnail outline of the nature of the claims in connection with this matter by way of a basic background, I have been asked to provide my unbiased view of Panama law in this regard for submission in these proceedings, as I understand one question which this Court will consider is whether Panama law applies to the dispute, and, if it does apply, what Panama law concerning corporate veil piercing states.

3.  Panamanian statutory law expressly recognizes the corporate veil. In this regard, article 251 of Panama's Code of Commerce states as follows:

"Artículo 251. La sociedad mercantil constituida con arreglo a las disposiciones de este Código, tendrá personalidad jurídica propia y distinta de la de los socios para todos sus actos y contratos.

La ley no reconocerá la existencia de las sociedades que no estuvieren constituidas de acuerdo con los trámites y formalidades prescritos por ella; sin embargo, la nulidad del contrato de sociedad o la disolución de ésta no perjudicarán las acciones que correspondan a terceros de buena fe contra todos y cada uno de los asociados por razón de los negocios ejecutados por la compañía."

Which translates to English as follows (free translation):

"Article 251. The corporations incorporated in agreement with the provisions of this Code will have its own legal personality separate from that of its members for all acts and contracts.

The law will not acknowledge the existence of any corporation that is not incorporated in accordance with the procedures and formalities established herein; however, the annulment of any

2

contract of the corporation or dissolutions thereof, shall not prejudice the actions that in good faith correspond to third parties against each and every one of the members for transactions carried out by the corporation."

4. The aforementioned article means that Panamanian corporations are independent entities which may exercise their own rights and incur obligations, and in general terms, engage in any type of lawful business as long as the company complies with the formalities of the law.

5. The piercing of the corporate veil doctrine has been applied in Panama in extreme cases, such as where the security of the State has been endangered, simply because Panamanian courts have resisted the notion that a corporation could shield assets obtained by committing crimes against the State. On the other hand, Panamanian courts have resisted piercing the corporate veil in civil or commercial cases.

**Piercing of the Corporate Veil in Criminal Cases.**

6. Panama's Supreme Court of Justice has expressed that the removal of the legal personality of a corporation may be called for in cases where the purpose of the company is to protect ill obtained assets.

7. In sentence of 29 January 1991 of the Supreme Court of Justice of Panama, the Court denied the revocation of an order issued by the Second District Attorney of the First Judicial District of Panama who ordered the freezing of certain bank accounts. By issuing this order, the District Attorney pierced the corporate veil of the Panamanian company that was the title holder of the accounts in question. The order arose out of charges of embezzlement, corruption of public officers and conspiracy brought against a group of natural persons, one of which controlled the company that owned the accounts in questions. The acting party argued that the criminal charges were brought against the natural persons and not against the company that owned the accounts that had been frozen.

3

386462.1

8. The Supreme Court decided that the company's purpose was to shield assets obtained through the commission of crimes. In consequence, the Court allowed the District Attorney to pierce the corporate veil and permitted the attachment of the corporate assets. Nevertheless, the Court specifically limited the corporate piercing of the corporate veil to criminal acts committed in Panama. In addition, the Court stated that the piercing of the corporate veil shall only be applied to the attachment or garnishment of assets which are the product of such crimes, for the purpose of returning those assets to the victims of the crimes, namely the Government of Panama.

9. This position of the Court was reiterated in Sentence of 16 August 1991, where the government entity known as Directorate of Patrimonial Responsibility ("Dirección de Responsabilidad Patrimonial"), in charge of investigating and prosecuting certain crimes against the government, attached an airplane which belonged to a corporation. Using the same rationale as in the previous Sentence of 29 January 1991, the Court upheld the attachment of the airplane, hence allowing the piercing of the corporate veil. As in the previous case, the accused were natural persons who exercised control over the company that owned the airplane. These persons were being investigated for embezzlement, among other crimes.

**Piercing the Corporate Veil in Civil or Commercial Cases.**

10. Inasmuch as the piercing of the corporate veil has been allowed in criminal cases, it has been strongly protected in civil or commercial claims. A good example is the Sentence of 31 January 1995 issued by the Supreme Court of Justice of Panama within the case of <u>Blue Eye Navigation, Inc. vs. Compañía de Navegatee Marítima Petromin, S.A. (Petromin Shipping Company)</u>.

386462.1

11.     In the "**Petromin**" case, plaintiff Blue Eye Navigation filed a suit against Petromin Shipping Co. based on breach of a charter party agreement in which Petromin Shipping Co. served as guarantor of the charterer. The plaintiff petitioned the Maritime Court of Panama for the arrest of the M/V "BORZESTI", as properly belonging to the defendant, Petromin Shipping Co., and the Maritime Court issued the arrest order against the "BORZESTI". The vessel filed for an "Apremio", which is a form of summary challenge to the arrest of a vessel under Panama's Code of Maritime Procedure, arguing that the "BORZESTI" was a vessel owned by Borzesti, Inc. and that, therefore, the arrest was wrongful. The Maritime Court ruled the Apremio for the plaintiff/arrestor, finding that Borzesti, Inc., being a subsidiary company controlled by Petromin Shipping Co., made the "BORZESTI", even if property of Borzesti, Inc., part of the corporate patrimony of Petromin Shipping Co., thus, plaintiff had properly arrested property of the defendant Petromin Shipping Co. In ruling as such, the Maritime Court of Panama, in essence, allowed the piercing of Borzesti, Inc.'s corporate veil.

12.     The Apremio ruling, however, was appealed to the Supreme Court of Justice of Panama. The Supreme Court reversed the Maritime Court's decision and ordered the release of the "BORZESTI". In its "**Petromin**" decision, the Court restated that according to Panamanian positive law, a corporation has its own legal personality, different from that of the shareholders. Thereafter, the Supreme Court proceeded to entertain the subject of the piercing of the corporate veil under Panamanian law. The "**Petromin**" Court rejected the decision of the Maritime Court by establishing that corporate veil piercing is an extreme measure which may be adopted when there are ongoing criminal investigations or in cases where there are obligations owed to the State, and that in normal circumstances the juridical personality of a corporation, that is the separation between the assets of a corporation and the assets of the corporate owners, should be

5

386462.1

respected. In essence, the "**Petromin**" Court did not allow the piercing of Borzesti, Inc.'s corporate veil in order to reach one of its assets, the "BORZESTI", and allow the arrest of said vessel as property of its parent company, Petromin Shipping Co. because there were no on-going criminal investigations or other obligations owed to the State.

13.  To conclude, Panamanian positive law recognizes the corporate veil and establishes no exception that would allow its piercing. However, inasmuch as Panama's positive law does not allow a corporation to be used for illegal purposes, Panama's Supreme Court of Justice has decided in several cases that the corporate veil may be pierced as an extreme measure when the company is used in the commission of a crime or to protect ill-obtained assets. So far, the Supreme Court has only permitted the piercing of the corporate veil of Panamanian corporations in cases involving crimes committed in Panama. In civil and commercial matters, the Supreme Court has been very protective of the corporate veil, so long as these cases do not involve illegal use of a Panamanian corporation.

14.  To the extent that Panama law applies to the dispute in this matter in New York and the Court must consider whether Panama law would permit corporate veil piercing, the following inquiries would be relevant:

(a) Is it alleged that the corporation is being used for an illegal purpose, such as for the commission of a crime or to protect ill-obtained assets?

(b) If so, were such crimes committed (or alleged to have been committed) in Panama?

15.  I have not been made aware of any ongoing criminal investigations concerning any of the Respondent entities in Panama. In the absence of an ongoing criminal investigation, it is my opinion that there is no statutory authority in Panama or current jurisprudential authority

from Panama's Supreme Court of Justice which would permit the piercing of the corporate veil of any of the Panamanian Respondents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 5 June 2012
Panama City, Panama

_____
Luis G. Raven
Morgan & Morgan
ID No. 8-716-2146.