UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXY INC., MEMPHIS SHIPPING PTE LTD., DYNASTIC MARITIME INC. and SAMANTHA SHIPMANGEMENT GROUP,

                  Petitioners,

- against -

INTERNATIONAL OIL OVERSEAS, INC., MARINA WORLD SHIPPING CORP., GRESHAM WORLD SHIPPING CORP., TARAZONA SHIPPING CO., S.A., QUOIN ISLAND MARINE WL, BAKRI TRADING COMPANY INC., SCHIFF HOLDING CO. S.A., and TRANS MEDITERRANEAN SHIPPING INC.,

                  Respondents.

12 Civ. 3625 (LAK)

## DECLARATION OF MOHAMMED OSMAN ADOLAY

I, Mohammed Osman Adolay, declare under penalty of perjury of the laws of the United States, as follows:

1.    I am the Manager of Respondent Tarazona Shipping Co., S.A. (hereinafter "Tarazona Shipping") and have held this position since 16/12/1996. I am an individual of majority age, and I speak and read the English language.

2.    I submit this Declaration (a) in opposition to the Verified Petition and motion for relief brought by Petitioners against Tarazona, seeking recognition and enforcement of an arbitration award issued in favor of Petitioners and against Respondent International Oil Overseas, Inc. ("IOOI") and (b) in support of the Cross-Motion filed by Tarazona to Dismiss the Verified Complaint. In particular, I submit this Declaration to specifically address certain allegations made by Petitioners

386113.2

regarding personal jurisdiction, venue and their claim that Tarazona is a so-called "alter ego" of IOOI.

3. Insofar as the contents of this Declaration are within my own knowledge, they are true. Insofar as the contents of this Declaration are not within my own direct knowledge, they are true to the best of my information and belief.

4. Tarazona is a Panamanian corporation duly organized and registered under the laws of the Republic of Panama since 28 July 1989 upon the filing of its Articles of Incorporation, Public Deed Number 10492, in the City of Panama, where it has its registered office c/o local agents, with a business presence in Saudi Arabia.

5. Tarazona is a wholly owned subsidiary of Bakri Navigation Co. (Bermuda) Ltd, which in turn is owned by A.K. Bakri & Sons Ltd Bermuda.

6. It is a corporate affiliate of other subsidiaries of its parent, Bakri Navigation Co. (Bermuda) Ltd.

7. Tarazona has no corporate affiliation to IOOI. Tarazona and IOOI do not have any common shareholders, directors or officers nor do they own shares in any common companies.

8. Tarazona transacts its business in its own name and is independently managed and operated for its own profit and corporate purposes.

386113.2

9. Tarazona maintains corporate formalities in accordance with the laws of Panama, including compliance with annual tax requirements and payment of fees of local agents.

10. Tarazona maintains a bank account in its own name and is capitalized in accordance with the laws of Panama.

11. Tarazona and IOOI do not participate in any joint ventures with one another but have done business in the past pursuant to arm's length transactions. Tarazona does not act as a so-called "paying agent" on behalf of IOOI, nor does it guarantee obligations of IOOI, and vice versa.

12. Tarazona was not a party to in the underlying charter party transactions or London arbitration agreements that were entered into between IOOI and Petitioners. Nor was Tarazona a party to or a witness in the related London arbitration proceedings that transpired between Petitioners and IOOI.

13. Tarazona currently has two employees, both of whom reside in Saudi Arabia.

14. All commercial and corporate records of Tarazona are maintained by the company in Saudi Arabia.

15. With respect to New York, Tarazona does not maintain an office, employees, agents or bank accounts within the State.

16. Tarazona does not conduct any of its business in New York or elsewhere in the United States and is not otherwise authorized to do business with the New York Secretary of State.

17. Tarazona does not have any investment in fixed assets or securities within the United States and does not export or import anything to or from the United States.

18.     In the Verified Petition, Petitioners allege that "Respondents are subject to personal jurisdiction in this District by virtue of funds and other property that they have deposited with the Clerk of this Court...."

19.     These funds were deposited at the direction of Tarazona as well as other respondents improperly named as purported *alter egos* of IOOI in the matter of *Andros Maritime Co. Ltd. v. International Oil Overseas, Inc.*, No. 11 Civ. 1657 (WHP), in which the petitioner, Andros Maritime Co. Ltd. ("Andros"), attempted to enforce a default judgment that was improperly entered in its favor and against Tarazona, resulting in a disruption to Tarazona's operations.

20.     In the *Andros Maritime* matter, the first time that Tarazona learned that a default judgment had been entered against it was when it was contacted by its banks notifying it of the Andros plaintiff's service of post-judgment "restraining notices" in New York.

21.     In an effort to alleviate the disruption caused by the Andros plaintiff's improper efforts to enforce the invalid default judgment entered against Tarazona, Tarazona together with the other improperly named alleged *alter egos* of IOOI posted security into the Registry of the Court on a joint and several basis pending the outcome of the alleged alter egos' motion to vacate the default judgment as against them.

22.     In *Andros Maritime*, Andros and the principal respondent, IOOI, engaged in settlement discussions which ultimately proved successful in resolving the claim that Andros brought against IOOI due to payment direct to Andros by IOOI. Andros agreed to dismiss the entire action, but before that was accomplished, the attorneys who were representing Andros in that case applied for and obtained an *ex parte* Rule B attachment on behalf of other parties in a new matter captioned

4

386113.2

*Springsea Maritime Corp. v. International Oil Overseas Inc.*, No. 11 Civ. 7821 (JGK), re-attaching the same funds that otherwise would have been released to Tarazano and the other improperly named alleged alter ego respondents on a joint and several basis upon settlement of the *Andros* matter.

23. In the *Springsea* matter, Tarazona has not yet moved to vacate the attachment because IOOI has advised that (a) it is in settlement discussions with the *Springsea* plaintiffs and (b) it is in a position to argue that the underlying claims by the *Springsea* plaintiffs are untimely or otherwise stale. To the extent that IOOI succeeds in either (a) settling the dispute or (b) successfully disposing of the *Springsea* claims as a matter of law, it is more economical for Tarazona to leave the funds in place and to be reimbursed for the loss of use of the funds by the unsuccessful litigant in *Springsea*.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on 18 June, 2012

Jeddah, Saudi Arabia



Mohammed Osman Adolay

386113.2