UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXY INC., MEMPHIS SHIPPING PTE LTD.,
DYNASTIC MARITIME INC. and SAMANTHA
SHIPMANGEMENT GROUP,

                  Petitioners,

  - against -

INTERNATIONAL OIL OVERSEAS, INC., MARINA
WORLD SHIPPING CORP., GRESHAM WORLD
SHIPPING CORP., TARAZONA SHIPPING CO., S.A.,
QUOIN ISLAND MARINE WL, BAKRI TRADING
COMPANY INC., SCHIFF HOLDING CO. S.A., and
TRANS MEDITERRANEAN SHIPPING INC.,

                  Respondents.

12 Civ. 3625 (LAK)

## DECLARATION OF HATEM ALSHREEF

I, HATEM ALSHREEF, declare under penalty of perjury of the laws of the United States, as follows:

1.     I am a Director and Officer of Respondent Schiff Holding Co. S.A. (hereinafter "Schiff") and have held this position since May , 2012.  I am an individual of majority age, and I speak and read English fluently.

2.     I submit this Declaration (a) in opposition to the Verified Petition and motion for relief brought by Petitioners against Schiff, seeking recognition and enforcement of an arbitration award issued in favor of Petitioners and against Respondent International Oil Overseas, Inc. ("IOOI") and (b) in support of the Cross-Motion filed by Schiff to Dismiss the Verified Complaint.  In particular, I submit this Declaration to specifically address certain allegations made by Petitioners regarding personal jurisdiction, venue and their claim that Schiff is a so-called "alter ego" of IOOI.

386114.1

3.      Insofar as the contents of this Declaration are within my own knowledge, they are true.  Insofar as the contents of this Declaration are not within my own direct knowledge, they are true to the best of my information and belief.

4.      Schiff is a Panamanian corporation duly organized and registered under the laws of the Republic of Panama.  Schiff was incorporated on 16 September 1987 upon the filing of its Articles of Incorporation in the City of Panama, where it has its registered office c/o local agents, with a principal office in the United Arab Emirates (UAE) and a business presence in Saudi Arabia.

5.      Schiff is a wholly owned subsidiary of Saad Free Zone Est FZE of Dubai, UAE.

6.      Schiff is a corporate affiliate of other subsidiaries of its parent company, Saad Free Zone Est FZE, including IOOI.  Except for common ownership of Saad Free Zone Est FZE and one common director/officer, Schiff and IOOI, at all times relevant to this matter, did not have any common directors or officers nor did they own shares in any common companies.

7.      Schiff transacts its business in its own name and is independently managed and operated for its own profit and corporate purposes.

8.      Schiff maintains corporate formalities in accordance with the laws of Panama, including compliance with annual tax requirements and payment of fees of local agents.

9.      Schiff maintains a bank account in its own name and is capitalized in accordance with the laws of Panama.

386114.1

10.     Schiff and IOOI do not participate in any joint ventures with one another but have done business in the past pursuant to arm's length transactions.  Schiff does not act as a so-called "paying agent" on behalf of IOOI, nor does it guarantee obligations of IOOI, and vice versa.

11.     Schiff was not a party to the underlying charter party transactions or London arbitration agreements that were entered into between IOOI and Petitioners.  Nor was Schiff a party to or a witness in the related London arbitration proceedings that transpired between Petitioners and IOOI.

12.     Schiff currently has two employees, both of whom work in the UAE and elsewhere, but do not work or reside in the United States.

13.     All commercial and corporate records of Schiff are maintained by the company in the UAE.

14.     With respect to New York, Schiff does not maintain an office, employees, agents or bank accounts within the State.

15.     Schiff does not conduct any of its business in New York or elsewhere in the United States and is not otherwise authorized to do business with the New York Secretary of State.

16.     Schiff does not have any investment in fixed assets or securities within the United States and does not export or import anything to or from the United States.

17.     In the Verified Petition, Petitioners allege that "Respondents are subject to personal jurisdiction in this District by virtue of funds and other property that they have deposited with the Clerk of this Court...."

386114.1

3

18.     These funds were deposited at the direction of Schiff as well as other respondents improperly named as purported *alter egos* of IOOI in the matter of *Andros Maritime Co. Ltd. v. International Oil Overseas, Inc.*, No. 11 Civ. 1657 (WHP), in which the petitioner, Andros Maritime Co. Ltd. ("Andros"), attempted to enforce a default judgment that was improperly entered in its favor and against Schiff, resulting in a disruption to Schiff's operations.

19.     In the *Andros Maritime* matter, the first time that Schiff learned that a default judgment had been entered against it was when it was contacted by its banks notifying it of the Andros plaintiff's service of post-judgment "restraining notices" in New York.

20.     In an effort to alleviate the disruption caused by the Andros plaintiff's improper efforts to enforce the invalid default judgment entered as against Schiff, Schiff together with the other improperly named alleged *alter egos* of IOOI posted security into the Registry of the Court on a joint and several basis pending the outcome of the alleged alter ego respondents' motion to vacate the default judgment as against them.

21.     In *Andros Maritime*, Andros and the principal respondent, IOOI, engaged in settlement discussions which ultimately proved successful in resolving the claim that Andros brought against IOOI due to payment direct to Andros by IOOI.  Andros agreed to dismiss the entire action, but before that was accomplished, the attorneys who were representing Andros in that case applied for and obtained an *ex parte* Rule B attachment on behalf of other parties in a new matter captioned *Springsea Maritime Corp. v. International Oil Overseas Inc.*, No. 11 Civ. 7821 (JGK), re-attaching the same funds that otherwise would have been released to Schiff and the other improperly named alleged alter ego respondents on a joint and several basis upon settlement of the *Andros* matter.

4

386114.1

22.     In the *Springsea* matter, Schiff has not yet moved to vacate the attachment because IOOI has advised that (a) it is in settlement discussions with the *Springsea* plaintiffs and (b) it is in a position to argue that the underlying claims by the *Springsea* plaintiffs are untimely or otherwise stale.  To the extent that IOOI succeeds in either (a) settling the dispute or (b) successfully disposing of the *Springsea* claims as a matter of law, it is more economical for Schiff to leave the funds in place and to be reimbursed for the loss of use of the funds by the unsuccessful litigant in *Springsea*.


I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.


Executed on 18 June, 2012

Jeddah, K.S.A.

                                                                HATEM ALSHREEF