BROWN GAVALAS & FROMM LLP
Attorneys for Petitioners
ROXY INC., MEMPHIS SHIPPING PTE LTD.,
DYNASTIC MARITIME INC. and
SAMANTHA SHIPMANGEMENT GROUP
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ROXY INC., et al.,                                                            Case No: 12 Civ. 3625 (LAK)

                          *Petitioners,*

              -against-                                                       **AFFIDAVIT OF
                                                                              PETER SKOUFALOS**

INTERNATIONAL OIL OVERSEAS INC., et al.,

                          *Respondents.*
--------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK   )

         Peter Skoufalos, being duly sworn, deposes and says:

         1.       I am a member of the firm of Brown Gavalas & Fromm LLP, attorneys for

Petitioners herein.  I respectfully submit this affidavit in support of the Petition to Recognize,

Confirm and Enforce Foreign Arbitration Award that was filed in the above-captioned action,

and in opposition to Respondents' cross-motion to dismiss the Petition.

         2.       IOOI and the Alter Ego Respondents have previously been named as defendants

in multiple actions in the Southern District of New York commenced to secure or enforce foreign

arbitration awards against IOOI.  In each of these cases, plaintiffs have looked to the Alter Ego

Respondents to respond for IOOI's debts on the basis of alter ego liability.  This list excludes a

number of Rule B actions that were commenced and dismissed without any significant judicial findings on the Respondents' alter ego relationship:

- *Route Holding Co. v. Int'l Oil Overseas, Inc., et al.*, No. 06 Civ. 3428 (PKC).  In *Route Holding*, the plaintiffs sought a Rule B attachment against IOOI and several Alter Ego Respondents and ultimately succeeded in attaching funds belonging to Alter Ego Respondent Marina World Shipping.  By order dated September 29, 2006, the court denied alter ego Marina World Shipping's motion to vacate Rule B attachment, which had argued that Marina World Shipping was not an alter ego of IOOI.  Shortly thereafter, the action was settled when Marina World Shipping agreed to fund a settlement of the plaintiff's claim.

- *Fair Spirit Maritime Ltd. v. Int'l Oil Overseas, Inc., et al.*, No. 08 Civ. 10109 (WHP).  In *Fair Spirit Maritime*, the court pierced the Respondents' corporate veil and permitted the plaintiff to enforce an arbitral award that was issued against IOOI only against all of the Alter Ego Respondents (except for Trans Mediterranean, which is an Alter Ego Respondent in the present action, but was not named in the *Fair Spirit Maritime* action).

- *Andros Maritime Co. Ltd. v. Int'l Oil Overseas, Inc., et al.*, No. 11 Civ. 1657 (WHP).  In *Andros Maritime*, the Court entered a default judgment against IOOI and the Alter Ego Respondents.  The Alter Ego Respondents moved to vacate the default, but later withdrew their motion and the judgment was satisfied on behalf of all defendants including IOOI and the Alter Ego Respondents.

- *Springsea Maritime Corp. v. Int'l Oil Overseas, Inc., et al.*, No. 11 Civ. 7821 (JGK).  In *Springsea Maritime*, the plaintiffs attached the Alter Ego Respondents' funds

pursuant to Rule B as security for a potential arbitration award against IOOI only. The Alter Ego Respondents have not sought to vacate the attachment.

3.       Attached hereto as Exhibit "A" is a true and correct copy of the Declaration of Stavros Sevastopoulos, dated November 29, 2011, which was filed in the *Andros Maritime* case. Mr. Sevastopoulos identifies IOOI's address as the Bakri Building in Jeddah, Saudi Arabia and discusses numerous contacts he has had with IOOI employees located at the Bakri Building.

4.       Attached hereto as Exhibit "B" is a true and correct copy of the Declaration of Mark Galloway, dated December 1, 2011, which was also filed in the *Andros Maritime* case. Mr. Galloway's declaration discusses, in part, the declaration of Fahid Ghalib, claimed to be a "director/secretary" of IOOI, a representation repeated in the present case. Despite this representation, Mr. Galloway explains that Mr. Ghalib is not, in fact, identified as an officer of IOOI on the Panamanian registry. Instead, IOOI's named secretary has always been M. Othaman Mohamad.

5.       Mr. Galloway also refutes IOOI's claim that its office is located in the United Arab Emirates. He links one address proffered by IOOI to an Iranian shipping company and several other companies and concludes that the shared office may be a "virtual office" or "flexi-desk."

6.       Mr. Galloway also discusses relationships between Bakri and a number of IOOI-affiliated persons. He explains that Captain Farhad Siddiqui works as an operations manager for IOOI in the Bakri office in Jeddah and that one of IOOI's directors, Saber Abu Ammara, is a legal advisor to the Bakri Group, also in Jeddah. Likewise, IOOI's trading manager, John Jisto, is located in the Bakri Building in Jeddah.

7.       I also note that Mr. Galloway's declaration discusses a person named Mohid who

receives packages for the Bakri building. The pleadings sent to the Respondents in this action were signed for by a "M. Ohi", which is likely a poor transcription of "Mohid." *See* O'Mea Aff. ¶ 4, submitted herewith.

8.      Attached hereto as Exhibit "C" is a true and correct copy of the Declaration of Hara Anastasatou, dated July 25, 2006, which was filed in the *Route Holding* case and relates specifically to Alter Ego Respondent Marina World Shipping.  Ms. Anastasatou explains that IOOI routinely used Marina World Shipping's bank accounts to make payments for IOOI's commercial debts, legal fees, and legal settlements.  Indeed, Ms. Anastasatou went so far as to say that "To our knowledge, IOOI has never made a payment on its own behalf."  Instead, she stated that all of IOOI's payments were made through its alter ego, Marina World Shipping.

9.      Attached hereto as Exhibit "D" is a true and correct copy of the Stipulated Order Directing Release of Funds and Dismissal of Action, which was filed in the *Route Holding* case. The Order recites a settlement agreement between the plaintiffs and IOOI and states that the settlement would be funded with Alter Ego Respondent Marina World Shipping's funds. Although the Order claims that Marina World Shipping is paying the settlement "in consideration of undertakings from IOOI and for convenience only," the obvious connotation is that Marina World Shipping paid the settlement outright.

10.     Attached hereto as Exhibit "E" is a true and correct copy of the Judgment Confirming Arbitration Award that was entered in the *Fair Spirit Maritime* case.  The caption clearly identifies all of the Alter Ego Respondents, with the exception of Trans Mediterranean, as "Defendants."  Further, the Judgment states that the arbitration award there is "recognized, confirmed and enforced as a Judgment of this Court against <u>Defendants</u> . . . ."  The Judgment uses the plural "Defendants" in several other instances as well.

11.     Although Respondents do not deny that Judge Pauley's holding in the *Fair Spirit Maritime* action is entitled to collateral estoppel effect here, I note that the alter ego issues were in fact fully litigated and briefed in that action.  Attached hereto as Exhibit "F" are true and correct excerpts of submissions filed in the *Fair Spirit Maritime* case regarding the parties' positions on alter ego.  The parties each included several pages of legal argument on this issue and submitted factual affidavits as well.

12.     Attached hereto as Exhibit "G" is a true and correct copy of the Declaration of Abdul Kader El Amin, dated April 2, 2010, which was filed in the *Fair Spirit Maritime* case. Mr. El Amin states that "IOOI is not related to . . . Schiff Holding Co. S.A. . . . ."  He further states that the "Bakri Trading Defendants [including Schiff] and IOOI have no common . . . directors . . . ."  I note that these assertions directly contradict Fahid Ghalib's statements in the instant case that IOOI "is a corporate affiliate of . . . Schiff" with a common parent company and "one common director/officer." Decl. of Fahid Ghalib ¶ 6.

13.     I believe that the Respondents are unquestionably each others' alter egos, and so I respectfully submit that the Award should be recognized and enforced against all Respondents.

Dated: New York, New York
        July 13, 2012

                                                        _____
                                                        PETER SKOUFALOS

Sworn to before me this
13th day of July, 2012

_____
Notary Public

**FRANK J. RUBINO, JR.**
**Notary Public of the State of New York**
**No. 02RU6208798**
**Qualified in Nassau County**
**Term Expires July 13, 2013**