BROWN GAVALAS & FROMM LLP
Attorneys for Petitioners
ROXY INC., MEMPHIS SHIPPING PTE LTD.,
DYNASTIC MARITIME INC. and
SAMANTHA SHIPMANGEMENT GROUP
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

-----------------------------------------------------------X
ROXY INC., MEMPHIS SHIPPING PTE LTD.,
DYNASTIC MARITIME INC. and
SAMANTHA SHIPMANGEMENT GROUP,    Case No: 12 Civ. 3625 (LAK)(MHD)

                    *Petitioners,*

    -against-

INTERNATIONAL OIL OVERSEAS INC.,
MARINA WORLD SHIPPING CORP.,              **AFFIDAVIT OF**
GRESHAM WORLD SHIPPING CORP.,             **PETER SKOUFALOS**
TARAZONA SHIPPING CO., S.A., QUOIN
ISLAND MARINE WL, BAKRI TRADING CO.
INC., SCHIFF HOLDING CO. S.A., and
TRANS MEDITERRANEAN SHIPPING INC.,

                    *Respondents.*
-----------------------------------------------------------X

STATE OF NEW YORK   )
                           ) SS:
COUNTY OF NEW YORK )

      PETER SKOUFALOS, being duly sworn, deposes and says:

      1.     I am a member of the bar of this Court and a partner at the law firm of Brown Gavalas & Fromm LLP, attorneys for Petitioners herein. The statements herein are based upon my personal knowledge and upon my review of the files maintained at my law firm. I respectfully submit this Affidavit in support of Petitioners' (1) Verified Petition to Recognize,

Confirm and Enforce a Foreign Arbitral Award and (2) request for a temporary restraining order and attachment enjoining the release of Respondents' funds presently held in this District.

2. Based upon my review of the dockets maintained by the Clerk of this Court, I have determined that funds in the amount of $180,000.00 were posted as security by the respondents in an action in this Court titled *Andros Maritime Co. Ltd. v. International Oil Overseas, Inc., et al.*, No. 11 Civ. 1657 (WHP)

3. I have also determined that such funds remain under attachment pursuant to an order of maritime attachment entered in *Springsea Maritime Corp. v. International Oil Overseas, Inc.*, No. 11 Civ. 7821 (JGK). The *Andros Maritime* action was discontinued on January 11, 2012, so the funds remain in this District solely by virtue of the order of attachment entered in the *Springsea Maritime* action.

4. I further understand that a settlement conference was held before the Honorable Ronald L. Ellis, U.S.M.J., in the *Springsea Maritime* action on April 5, 2012 and that there is now a risk the parties in that action will seek to distribute or remove the attached funds from this jurisdiction in an effort to fund a possible settlement. Because the sole basis for the Respondents' funds' continuing presence in the District is the attachment order in the *Springsea Maritime* action, there exists a real and immediate risk that the parties will settle their dispute and agree to immediately return the attached funds to Respondents, especially if Respondents become aware that other parties, viz. Petitioners herein, are seeking to execute a judgment against their funds. Therefore, a temporary restraining order is necessary to ensure that the funds are not released before Petitioners can be heard on their request for an attachment.

5. Efforts to enforce Petitioners' arbitration award have been unsuccessful up to now and removal of the attached funds from this District may deprive Petitioners of the opportunity to at least partially satisfy their award by enforcing a judgment against the funds.

6. There is little risk of harm to Respondents if the temporary restraining order is granted, because the Respondents' funds have been held by the Clerk of the Court since October 19, 2011, and have been attached in the *Springsea Maritime* action since November 3, 2011. Respondents have not moved to vacate the order of attachment in the *Springsea Maritime* action at any time.

7. Moreover, to the extent that Petitioners hold a valid and enforceable foreign arbitral award against Respondents, as to which Petitioners seek confirmation in this proceeding, the Respondents' funds will likely be turned over to Petitioners in the near future.

8. I have conducted a search of the New York Department of State Corporations Database, and this search reveals that none of the Respondents is currently authorized to do business in New York.

Dated: New York, New York
May 8, 2012

PETER SKOUFALOS

Sworn to before me this
8th day of May, 2012

_____
Notary Public

FRANK J. RUBINO, JR.
Notary Public of the State of New York
No. 02RU6208798
Qualified in Nassau County
Term Expires July 13, 2013

3